UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DIXIE MILES, JEFF MILES,<br><br>                    Plaintiff,<br><br>       v.<br><br>STATE FARM MUTUAL<br>AUTOMOBILE INSURANCE<br>COMPANY,<br><br>                    Defendant. | CASE NO. C20-5855 MJP<br><br>ORDER GRANTING PLAINTIFFS'<br>MOTION FOR SUMMARY<br>JUDGMENT |

Before the Court is Plaintiffs' motion for summary judgment. (Dkt. No. 32.) After considering the motion and supporting declarations (Dkt. Nos. 32, 33, 34), the response (Dkt. No. 36), and the reply (Dkt. No. 37), the Court GRANTS the motion.

**BACKGROUND**

This is an action over coverage for underinsured motorist (UIM) benefits. The relevant background is contained in the Court's order denying Defendant's motion for summary judgment, Defendant's motion for relief from deadlines, and Plaintiffs' motion to continue. (Dkt. No. 35.) The facts before the Court are the same:

ORDER GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT - 1

Plaintiffs Dixie and Jeff Miles held insurance policies from Defendant State Farm Mutual Automobile Insurance Company ("State Farm") for underinsured motorist (UIM) benefits. (Dkt. No. 1, Ex. A ("Complaint" or "Compl.") at 2.) They had policies for several cars they owned, including a Chevy Malibu and a GMC box van. Id. The policy limit for compensation for physical injuries caused by an accident with an underinsured motorist under the policy for the Malibu was $25,000 and the limit under the policy for the GMC was $500,000. Id. (See Dkt. No. 12, Declaration of Brenda Toney ("Toney Decl."), Exs. B & C.) Plaintiffs were current on their premiums and were both listed as the named insureds under both policies. Compl. at 2.

Dixie Miles suffered severe physical injuries in an accident involving an underinsured motorist while driving the Malibu. Id. State Farm initially stated that the policy limit of $25,000 applied and tendered a check for $25,000. (Toney Decl., Ex. A.) After Plaintiffs' counsel contacted State Farm and argued that the higher limit should apply, State Farm replied with a letter stating that they agreed, the $500,000 limit did apply. Id., Exs. D & E. State Farm then reversed course again and stated that their last letter was incorrect—in fact, the $25,000 limit applied—and denied coverage under the $500,000 limit. Id., Ex. F. But before receiving State Farm's letter with the change in position, Plaintiffs' counsel had returned the $25,000 check. (Dkt. No. 24, Declaration of Dixie Miles ("Miles Decl."), Ex. A at 2.)

The policy contains several provisions at the center of the dispute here.[1] The policy for underinsured motorist benefits is as follows:

> We will pay compensatory damages for bodily injury an insured is legally entitled to recover from the owner or driver of an underinsured motor vehicle. The bodily injury must be:
>
> 1. sustained by an insured; and
>
> 2. caused by an accident that involves the operation, maintenance, or use of an underinsured motor vehicle as a motor vehicle.

(Toney Decl., Ex. C at 20.) "Insured" includes the policy holder and resident relatives. Id.

The policy has exclusions for UIM coverage. The relevant provision states there is no coverage "for an insured who sustains bodily injury while occupying . . . a motor vehicle owned by or available for the regular use of you or any resident relative if it is not your car or a newly acquired car." Id. at 22.

---

[1] In its motion, Defendant included the declarations page for both vehicles but only the policy booklet for the GMC. (Toney Decl., Ex. B & C.) However, the policy booklet is the same for both vehicles, with any differences, such as for coverage limit, identified in the declarations page. See id., Ex. B ("your policy consists of this declarations page, the policy booklet – Form 9847A, and any endorsements that apply, including those issued to you with any subsequent renewal notice") and Ex. C (same; the policy booklet included is identified as Form 9847A). (Footnote in original.)

The policy defines "your car" as "the vehicle shown under your car on the Declarations page. Your car does not include a vehicle that you no longer own or lease." Id. at 5. The Chevy Malibu is listed under "your car" on the Declarations page for policy number 191 2559-E29-47A. Id., Ex. B. The GMC is listed under "your car" on the Declarations page for policy number 191 5901-E28-47. Id., Ex. C.

The policy also includes a provision for when other UIM benefits apply to personal-injury coverage. It states, in relevant part:

> 1. If Underinsured Motor Vehicle Bodily Injury Coverage provided by this policy and one or more other vehicle policies issued to you or any resident relative by one or more of the State Farm Companies apply to the same bodily injury, then:
>
> a. the Underinsured Motor Vehicle Bodily Injury Coverage limits of such policies will not be added together to determine the most that may be paid; and
>
> b. the maximum amount that may be paid from all such policies combined is the single highest applicable limit provided by any one of the policies. We may choose one or more policies from which to make payment.

Id. at 23.

(Dkt. No. 35 at 1–3.)

The parties dispute whether Plaintiffs are entitled to UIM coverage up to the $500,000 limit under the policy for their GMC truck. Defendant argues a coverage exclusion applies because Plaintiff Dixie Miles was driving the Miles' Chevy Malibu at the time of the accident, which was insured under a different State Farm policy. Plaintiffs argue the exclusion does not apply under three theories: (1) contract interpretation; (2) because State Farm waived any right to deny coverage when it unequivocally agreed the higher limit applied; or (3) estoppel, because Plaintiffs relied on State Farm's representation, which it later reversed when it denied coverage. Defendant moved for summary judgment on whether Plaintiffs are entitled to UIM coverage up to the $500,000 limit under contract interpretation, waiver, or estoppel. The Court found the policy on this question was ambiguous and denied the motion. Id. at 7. Plaintiffs now seek summary judgment on the same issues.

**DISCUSSION**

**A.     Policy Interpretation**

In the Order denying State Farm's motion for summary judgment, the Court found the relevant policy exclusion to be ambiguous. (Dkt. No. 35 at 3–7.) In particular, the Court found that the exclusion—no coverage if the insured is occupying a car that is "not your car"—could be reasonably interpreted in more than one way, according to Washington law governing the interpretation of insurance contracts. As a predicate issue, the UIM insuring agreement unambiguously applies to the accident because the policy only requires bodily injury sustained by an insured that is caused by an accident involving the operation, maintenance, or use of an underinsured motor vehicle, and is not contingent on the insured occupying a specific vehicle. (See Toney Decl., Ex. C at 20.) The dispute is over interpreting the exclusion. (See id. at 22.) State Farm has the burden of establishing that the exclusion denies coverage here. See McDonald v. State Farm Fire & Cas. Co., 119 Wn.2d 724, 731 (1992).

In State Farm's view, the exclusion applies because each policy has its own declarations page and lists only one vehicle as "your car": if the insured is in a vehicle at the time of the accident, the GMC policy will only provide UIM coverage if that vehicle is the GMC; similarly, the Malibu policy will only provide coverage if that vehicle is the Malibu. But policy exclusions are "strictly construed against the insurer." Robbins v. Mason Cty. Title Ins. Co., 195 Wn.2d 618, 626 (2020). And courts "scrutinize [UIM] exclusionary clauses to ensure the [statutory] mandate for broad coverage is neither whittled away nor eroded." Greengo v. Pub. Emps. Mut. Ins. Co., 135 Wn.2d 799, 805 (1998).

Here, the policy defines "your car" as "the vehicle shown under your car on the Declarations page." (Toney Decl., Ex. C at 5.) Both the GMC and the Malibu are listed as "your

car" on the Declarations page for each policy. They are both defined as "your car" under State Farm policies. The definition of "your car" also expressly excludes "a vehicle that you no longer own or lease"—but does not exclude a vehicle the insured owns and insures through State Farm under a separate policy. (See id.) In addition, the UIM anti-stacking provision anticipates situations where multiple State Farm policies provide coverage, (see id. at 23), so it is reasonable to interpret the exclusion consistently. As a result of these provisions, the Court found Plaintiffs' reading—"your car" includes both the GMC and the Malibu because both cars are owned by the insureds, insured by State Farm, and listed as "your car" under State Farm Declarations pages—is a reasonable one according to the understanding of "the average person purchasing insurance." See Robbins v. Mason Cty. Title Ins. Co., 195 Wn.2d 618, 626 (2020).

Given that conclusion, the Washington rules of interpretation compel summary judgment for plaintiffs: "any ambiguity in the policy is interpreted in favor of the insured," Robbins v. Mason Cty. Title Ins. Co., 195 Wn.2d 618, 626 (2020), "even though the insurer may have intended another meaning," National Union Fire Ins. Co. of Pittsburgh, Pa. v. Zuver, 110 Wn.2d 207, 210 (1988). Because the ambiguity in the policy exclusion is resolved in favor of Plaintiffs such that the GMC policy provides UIM coverage here, the Court need not reach the other issues Plaintiffs raise.

### B.  Certification for Interlocutory Appeal

Defendant asks the Court to certify the issues raised in this motion for interlocutory appeal. (Dkt. No. 36 at 2, 15.) To do so, the Court first must find that the order on the issue "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). A certification under Section 1292(b) is

reserved for "rare circumstances" because it is "a departure from the normal rule that only final judgments are appealable, and therefore must be construed narrowly." James v. Price Stern Sloan, Inc., 283 F.3d 1064, 1067 n.6 (9th Cir. 2002). Defendant has not briefed, let alone shown, that there is a "substantial ground for difference of opinion" or that certification on the issues here would be proper. The Court declines this request.

The clerk is ordered to provide copies of this order to all counsel.

Dated September 7, 2021.

Marsha J. Pechman
United States Senior District Judge